UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN O'CONNOR, | No. 2:19-cv-1867-WBS-EFB P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. He has filed an application to proceed in forma pauperis (ECF Nos. 8, 10) and a motion for extension of time and/or stay (ECF No. 9).

<u>Application to Proceed in Forma Pauperis and Motion for Extension/Stay</u>

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

Further, plaintiff's motion for an extension of time and/or stay in order to submit a completed in forma pauperis application (ECF No. 9) is denied as unnecessary.

/////

1

## Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

Screening Order

Plaintiff alleges that Cal. Code Regs. tit. 15, § 3006(a) violates his right to due process in violation of the Fourteenth Amendment.[1] Specifically, he claims that the provision against "constructive possession" of dangerous property allows for those who are actually innocent of the offense to be found guilty. Plaintiff claims he had been disciplinary-free for 29 years, and that because of the regulation, he was found guilty of a disciplinary charge (for which he was innocent), which was then relied upon to deny him parole. ECF No. 1 at 7. Plaintiff states that he "has no legal method of demanding that other prisoners obey the laws or prison rules [and] thus[,] remains at risk from every other prisoner who decides he wants to acquire contraband." *Id.* at 17. Plaintiff seeks injunctive relief from the California Department of Corrections and Rehabilitation to strike down the regulation as unconstitutional. *Id.* at 6. Alternatively, he requests that he be assigned to a single-cell.

Plaintiff's claim is not viable as alleged because the only defendant named is the California Department of Corrections and Rehabilitation ("CDCR"). CDCR, however, is a state agency that is immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies). The proper defendant for injunctive relief in a suit seeking a change of CDCR policy is the CDCR Secretary in his official capacity. *Rouser v. White*, 707 F. Supp. 2d 1055, 1066 (E.D. Cal. 2010),

Moreover, plaintiff has not sufficiently alleged an interest protected by the due process clause. Plaintiff claims his right to due process was violated because the guilty finding was relied upon in part by the Board of Prison Terms to deny him parole, and that this may occur again in

---

[1] Plaintiff also attempts to categorize his claim as an Eighth Amendment violation (ECF No. 1 at 16). But even so characterized, the claim fails because he has not shown that CDCR's practices deny him "the minimal civilized measures of life's necessities." *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

the future and he is subject to an indeterminate life sentence. ECF No. 1 at 7. It is well-established, however, that "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011). Whatever liberty interest in parole is created by state law is a "state interest" that is not substantively enforceable in the federal courts. *Id.*

### Leave to Amend

Plaintiff may choose to amend his complaint. If plaintiff chooses to amend, he must name as a defendant an individual who can carry out the injunctive relief he requests (i.e., the warden where he is presently housed and/or the current CDCR Secretary).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names
/////

4

actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF Nos. 8, 10) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's request for an extension of time and/or stay (ECF No. 9) is denied as unnecessary;

4. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days from the date of service of this order; and

5. Failure to comply with this order may result in dismissal of this action.

DATED: February 10, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE